UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLEN B., | |
|     Plaintiff, | No. 19 CV 2501 |
|     v. | |
| KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,[1] | Magistrate Judge McShain |
|     Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ellen B. brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's (SSA) decision denying her application for benefits. For the following reasons, the Court grants plaintiff's motion for summary judgment [15],[2] denies the Commissioner's motion for summary judgment [22], reverses the SSA's decision, and remands this case for further proceedings.

**Procedural Background**

Plaintiff applied for disability insurance benefits on August 14, 2015, alleging a disability onset date of April 17, 2015. [13] 159-165. The claim was denied initially and on reconsideration. [*Id.*] 86-96. Plaintiff requested a hearing, which was held by

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. However, citations to the administrative record [13] refer to the page number in the bottom right corner of each page.

an ALJ on October 24, 2017. [*Id.*] 33-57. In a decision dated March 14, 2018, the ALJ found that plaintiff was not disabled. [*Id.*] 15-28. The Appeals Council denied review on February 12, 2019 [*id.*] 1-4, making the ALJ's decision the final agency decision. This Court has jurisdiction to review the SSA's decision under 42 U.S.C. § 405(g).[3]

## Legal Standard

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant can perform his past relevant work; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

---

[3] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [10].

2

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). But the standard "is not entirely uncritical. Where the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *1 (N.D. Ill. June 29, 2021) (internal quotation marks and citation omitted).

## Discussion

Plaintiff, who was 34 years old on her alleged onset date, *see* [13-4] 58, sought disability benefits based on her diabetes mellitus with peripheral neuropathy, obesity, depression, HIV-positive status, hyperthyroidism, hyperlipidemia, hypertension, and lower back pain. [13-3] 18.

At step one of his written decision rejecting plaintiff's claim, the ALJ found that plaintiff has not engaged in substantial gainful activity after her alleged onset date. [13] 17. At step two, the ALJ found that plaintiff had three severe impairments: diabetes mellitus with peripheral neuropathy, obesity, and depression. [*Id.*]. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal the severity of any listed impairment. [*Id.*]. 18-19. Regarding the paragraph B criteria for Listing 12.04, which governs depressive, bipolar, and related disorders, and Listing 12.06, which governs anxiety and obsessive-compulsive disorders, the ALJ found that

3

plaintiff has "moderate limitations" in her "ability to concentrate, persist, or maintain pace." [*Id.*] 19. The ALJ then explained that:

> [t]he limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental functional analysis.

[*Id.*] 20.

Before proceeding to step four, the ALJ found that plaintiff has the RFC to perform a range of sedentary work. [13-3] 20. More specifically, the ALJ found that plaintiff "can understand, remember, and carry out simple, routine work instructions," can "make simple, work-related decisions," and "can adapt to occasional changes in the work setting with minimal to moderate work related responsibilities." [*Id.*]. The ALJ also stated that he had "incorporated the claimant's paragraph B limitations"–that is, plaintiff's moderate limitations in concentration, persistence, or pace–by "finding that the claimant is limited to simple, routine work instructions, simple, work-related decisions, and adaptation to occasional changes in the work setting with minimal to moderate work-related responsibilities." [*Id.*] 25-26.

At step four, the ALJ found that plaintiff cannot perform her past relevant work as a gas station manager and supervisor. [13-3] 26. Finally, at step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: clerk, polisher, and charge account clerk. [*Id.*] 26-27. Accordingly, the ALJ found that plaintiff was not disabled. [*Id.*] 27.

Plaintiff argues that the Commissioner's decision should be reversed and remanded because (1) the ALJ's RFC determination–and the corresponding hypothetical question that he posed to a vocational expert (VE) at the hearing–failed to account for plaintiff's moderate limitations in concentration, persistence, or pace; and (2) the ALJ's evaluation of plaintiff's subjective symptom allegations was patently wrong. [15] 10-15. The Court agrees with plaintiff that the ALJ's RFC determination failed to incorporate her moderate limitations in concentration, persistence, or pace. The Court also agrees that the hypothetical question that the ALJ posed to the VE did not capture these limitations. Consequently, the Court concludes that the Commissioner's decision must be reversed.[4]

### A. The RFC Did Not Account for Plaintiff's Limitations in Concentration, Persistence, or Pace.

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Id.* at 592.

"Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate

---

[4] Given the Court's ruling on this issue, the Court need not address plaintiff's second argument for reversing the Commissioner's decision.

completion of tasks commonly found in work settings." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00C(3).

The ALJ's RFC finding "must incorporate the 'totality of a claimant's limitations,' including any 'deficiencies of concentration, persistence and pace.'" *Mischler v. Berryhill*, 766 F. App'x 369, 375 (7th Cir. 2019) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010)). "Though an RFC assessment need not recite the precise phrase 'concentration, persistence, or pace,' any alternative phrasing must clearly exclude those tasks that someone with the claimant's limitations could not perform." *Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019).

As seen above, the ALJ found that plaintiff had moderate limitations in her ability to concentrate, persist, or maintain pace. [13-3] 19. Consistent with that finding, Dr. Thomas Low, the state agency medical consultant at the initial level, opined that plaintiff was "moderately limited" in the "ability to maintain attention and concentration for extended periods." [*Id.*] 64. Dr. Low further opined that plaintiff was "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." [*Id.*] 65. On the evaluation form that asked him to explain "in narrative form the sustained concentration and persistence capacities and/or limitations," Low stated that plaintiff "would have some difficulty completing work days due to mood variation," but could "follow at least simple directions, do simple tasks, in a routine work setting onan [*sic*]

6

extended basis." [*Id.*]. Notably, the ALJ gave Dr. Low's assessment "significant weight" because "the objective medical evidence support [*sic*] the degree of limitation[.]" [13-3] 24.

Nevertheless, the ALJ failed to incorporate any of these limitations into plaintiff's RFC, nor did he offer a reasoned explanation for omitting these limitations. To the contrary, the ALJ purported to accommodate the limitations stemming from plaintiff's mental impairments by limiting plaintiff to "simple, routine work instructions, simple, work-related decisions, and adaptation to occasional changes in the work setting with minimal to moderate work related responsibilities." [13-3] 25-26. This was reversible error because a limitation to performing simple work does not account for a claimant's moderately limited abilities in concentration, persistence, or pace.

"The Seventh Circuit has repeatedly found that requiring a claimant to perform only 'simple' work–whether in the form of tasks performed, judgments and decisions made, or instructions followed–does not account for moderate limitations in concentration, persistence, or pace." *Dula A. v. Saul*, No. 18 CV 4253, 2019 WL 3386998, at *5 (N.D. Ill. July 26, 2019). This is because "[t]he ability to stick with a given task over a sustained period of time"–that is, one's ability to concentrate, persist, or maintain pace–"is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620. "A task can be simple, but a person with a poor attention span may still become distracted and stop working." *Mischler*, 766 F. App'x at 376. Thus, "[r]estricting a person to simple routine tasks,

7

as the ALJ has done here, is unrelated to the question of whether an individual with . . . difficulties with concentration, persistence, and pace can perform such work." *Dula A.*, 2019 WL 3386998, at *6 (citing *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015)).

In this case, the ALJ found that plaintiff had moderate limitations in concentration, persistence, or pace, but did not incorporate those limitations into the RFC determination. *See* [13-3] 19-20, 25-26. Dr. Low–whose opinion was given "significant weight" by the ALJ–opined that plaintiff had a moderately limited ability to maintain attention and concentration for extended periods and "would have some difficulty completing work days due to mood variation," but the ALJ did not mention or account for these limitations in evaluating plaintiff's RFC. Instead, the ALJ purported to accommodate plaintiff's moderate limitations in concentration, persistence, or pace by limiting plaintiff to "simple, routine work instructions, simple, work-related decisions, and adaption to occasional changes in the work setting with minimal to moderate work related responsibilities." [13-3] 25-26. As the cases cited above make clear, however, such limitations do not adequately account for a claimant's limitations in concentration, persistence, or pace. *See Varga*, 794 F.3d at 814 (reversing ALJ's decision because limitation to "simple, routine, and repetitive tasks" did not account for plaintiff's limitations in concentration, persistence, or pace); *O'Connor-Spinner*, 627 F.3d at 620-21 (reversing ALJ's decision because limitation to "routine, repetitive tasks with simple instructions" did not account for plaintiff's limited abilities in concentration, persistence, or pace); *Dula A.*, 2019 WL

8

3386998, at *5-6 (collecting cases on this point); *see also Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (reversing Commissioner's decision because limitation to "simple work instructions" and "routine work" and ability to "exercise simple work place judgments" with "no more than occasional changes" did not account for plaintiff's moderate limitations in concentration, persistence, or pace).

In sum, the ALJ's RFC determination did not incorporate the totality of plaintiff's limitations. The RFC therefore lacks a substantial evidentiary basis, and the Commissioner's decision must be reversed.

### B. The ALJ's Hypothetical Did Not Encompass Plaintiff's Limitations in Concentration, Persistence, or Pace.

The ALJ's failure to incorporate plaintiff's moderate limitations in concentration, persistence, or pace tainted the hypothetical question that the ALJ posed to the VE. *See Paul*, 760 F. App'x at 465 (accepting argument that ALJ's failure to incorporate moderate limitations in concentration, persistence, or pace in RFC can "taint[ ]" hypothetical question posed to VE and VE's opinion as to number of jobs existing in national economy that plaintiff can perform).

At the hearing, the ALJ consulted a VE to determine whether jobs existed in the national economy that plaintiff was capable of performing. *See* [13-3] 51-55. The ALJ asked the VE to assume a claimant with the same physical RFC as plaintiff and who was also able to "understand, remember and carry out simple, routine work instructions" and "adapt to occasional changes in the work setting with minimal to moderate work related responsibilities" and proceeded to question the VE about the kinds of jobs such a claimant could perform. [*Id.*] 52-53. Nowhere did the ALJ ask the

9

VE to consider plaintiff's moderately limited abilities in concentration, persistence, or pace, nor did he ask the VE to consider her difficulty–identified by Dr. Low–in completing workdays due to mood variations. *See* [*id.*].

The ALJ's phrasing of the hypothetical question was thus reversible error because it did not orient the VE to plaintiff's moderate limitations in concentration, persistence, or pace, and the limitations identified by the ALJ–simple, routine work instructions and decisions, occasional changes in the work setting, and minimal-to-moderate job responsibilities–have nothing to do with concentration, persistence, or pace. *See Moreno*, 882 F.3d at 730 ("We have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks . . . adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.") (internal brackets and quotation marks omitted); *Mischler*, 766 F. App'x at 376 (limitation to occasional changes in work setting "primarily deals with workplace adaptation, rather than concentration, persistence, and pace").

Under Seventh Circuit case law, an ALJ must "orient the VE to the totality of a claimant's limitations," and "[a]mong the limitations the VE must consider are deficiencies of concentration, persistence and pace." *O'Connor-Spinner*, 627 F.3d at 619. "Again and again," the Seventh Circuit has "said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476 (7th Cir. 2019).

10

The Seventh Circuit has also "made clear that in most cases employing terms like simple, repetitive tasks on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace, and thus, alone, are insufficient to present the claimant's limitations in this area." *Winsted*, 923 F.3d at 477 (internal quotation marks omitted). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [a court] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga*, 794 F.3d at 814.

In questioning the VE in this case, the ALJ failed to include a limitation in plaintiff's ability to concentrate, persist, or maintain pace, and the limitations that the ALJ asked the VE to consider did not adequately capture plaintiff's limitations in this area. "As a result, the vocational expert's assessment of the jobs available to [plaintiff] necessarily is called into doubt, as is the ALJ's conclusion that [plaintiff] is not disabled under the Social Security Act." *Moreno*, 882 F.3d at 730.

Attempting to salvage the ALJ's decision, the Commissioner relies on *Burmester v. Berryhill*, 920 F.3d 507 (7th Cir. 2020). *See* [23] 2. In that case, the ALJ found that Burmester "had moderate difficulties in her ability to sustain concentration, persistence or pace," but did not expressly include "those limitations in the residual functional capacity evaluation or questions to the vocation expert." *Burmester*, 920 F.3d at 511. Rather, the ALJ gave "great weight" to the limitations and opinions expressed by Dr. Meyers–including Meyers' opinion that "maintaining

11

concentration and attention should be manageable" for Burmester–and "[t]hese limitations were given to the vocational expert" when the ALJ posed the hypothetical to the VE at the hearing. *Id*. The fact that the ALJ did not use the specific phrase "concentration, persistence, or pace" did not require reversal, the court ruled, because "an ALJ may reasonably rely upon the opinion of a medical expert who translates these findings [*i.e.*, findings respecting a claimant's limits in concentration, persistence, or pace] into an RFC determination." *Id*.

Likening this case to *Burmester*, the Commissioner argues that the ALJ reasonably relied on Dr. Low's translation of his findings respecting plaintiff's concentration, persistence, or pace into an RFC determination when the ALJ posed the hypothetical question to the VE. [23] 2-3.

The Commissioner's argument has no merit. When the ALJ questioned the VE, the ALJ failed to include a key component of Dr. Low's "translation" of his findings in the hypothetical: namely, that plaintiff "would have some difficulty completing work days due to mood variation." *Compare* [13-4] 65 (Dr. Low's narrative summary) *with* [13-3] 52-53 (transcript of ALJ's examination of VE). Therefore, even accepting that the ALJ could have relied on Dr. Low's narrative translation of his findings into an RFC determination, the ALJ did not in fact do so. Instead of asking the VE to assume a claimant with some difficulty completing workdays, the ALJ asked the VE to assume a claimant who was capable of simple, routine work and who could adapt to occasional changes in the work setting. For that reason, the hypothetical posed by the ALJ did not permit the VE to exclude jobs that plaintiff–who, as the ALJ found,

12

had moderate limitations in concentration, persistence, or pace, and who, as Dr. Low found, would have some difficulty completing workdays–could not perform. *Accord Winsted*, 923 F.3d at 477; *Moreno*, 882 F.3d at 730; *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014).

"The best way" for the ALJ to ensure that the VE is fully apprised of the claimant's limitations "is by including the specific limitations–like CPP [concentration, persistence, or pace] in the hypothetical." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). Because the ALJ failed to include plaintiff's moderate limitations in concentration, persistence, or pace in the hypothetical he posed to the VE, the ALJ's decision must be reversed. *See Moreno*, 882 F.3d at 730.

## Conclusion

Plaintiff's motion for summary judgment [15] is granted, and the Commissioner's motion for summary judgment [22] is denied. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 17, 2021**